**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 11-cv-01630-CMA-KLM

NANETTE K. YOKOMIZO,

    Plaintiff,

v.

DEUTSCHE BANK SECURITIES, INC., a Delaware corporation,
OPTION ONE MORTGAGE COMPANY d/b/a AMERICAN HOME MORTGAGE
    SERVICING, INC., a Texas corporation, and
AT DAWN, LLC, a Colorado corporation,

    Defendants.

---

**ORDER DENYING PLAINTIFF'S INFORMATION AND EMERGENCY
REQUEST FOR TEMPORARY RESTRAINING ORDER**

---

This matter is before the Court on *pro se* Plaintiff Nanette K. Yokomizo's Information and Emergency Request for Temporary Restraining Order ("Motion for TRO"). (Doc. # 10.) For the reasons discussed below, the Motion for TRO is denied.

### I. BACKGROUND

This matter arises from foreclosure proceedings in Arapahoe County District Court against Plaintiff's residential property initiated by Defendants Deutsche Bank Securities, Inc. ("Deutsche Bank") and Option One Mortgage Company d/b/a American Home Mortgage Servicing, Inc. ("AHMSI"), despite Plaintiff's attempts to modify her mortgage in late December 2008 after becoming medically disabled, losing her job in

February 2008, and defaulting on her loan.  During the foreclosure proceedings, Plaintiff raised the issue of whether Defendants Deutsche Bank and AHMSI had standing to foreclose on her property, and the Arapahoe County District Court continued the proceedings and ordered these Defendants to provide responsive documentation. Plaintiff asserts that, although these Defendants provided docu- mentation, no assignment was included.  Eventually, the Arapahoe County District Court dismissed the foreclosure action upon these Defendants' motion.

In January 2011, Defendants Deutsche Bank and AHMSI re-initiated the foreclosure proceedings.  Eventually, a sale date was scheduled for June 8, 2011. Concurrent with these foreclosure proceedings, Plaintiff made efforts to modify her loan with Defendant AHMSI, but such efforts were unsuccessful as a result of AHMSI's purported stonewalling tactics.  On the evening of June 8, 2011, Plaintiff received e-mail notification that her home had been sold at a foreclosure sale to Defendant At Dawn, LLC.

On June 22, 2011, Plaintiff filed an original complaint asserting the following two claims of relief: (1) breach of duty of good faith and fair dealing against Defendants Deutsche Bank and AHMSI and (2) injunctive relief against all Defendants.  (Doc. # 1.) Although the first claim of relief is styled as an action under state common law, the substance of the claim concerns a purported violation of the Federal Fair Debt

Collection Practices Act ("FDCPA"). (*Id.* at 16-17.)[1] Plaintiff filed an Amended Complaint ("Complaint") on June 27, 2011. (Doc. # 2.) The question of who actually and properly owns title to Plaintiff's residence lies at the heart of this action.

## II. PLAINTIFF'S MOTION FOR TRO

On July 19, 2011, Plaintiff filed the instant Motion for TRO. Plaintiff asks the Court to restrain immediately Defendant At Dawn, "specifically, Edward Rogers, his agents or assignees, to enjoin them from continual harassment of Plaintiff" by way of filing a state court action against her, which is scheduled for a hearing on July 21, 2011, at 10 a.m., in the Arapahoe County District Court. (Doc. # 10.) Plaintiff further states that Mr. Rogers "has been harassing her since June 21, 2011, when he approached her and stated that he was the owner of her residence," threatened to "get the attorneys involved" if Plaintiff did not leave the property, and over the course of eight days, posted three "Notices to Quit" on Plaintiff's door, which ordered Plaintiff to vacate the premises. (*Id.* at 1-2.) In support of the instant Motion, Plaintiff affirmatively states, "[t]he main question of the case at hand is the rightful ownership of title to Plaintiff's residence." (*Id.* at 2.) Until the question of rightful ownership is resolved, Plaintiff asserts that

---

[1] Because the Plaintiff's first claim of relief is for a purported FDCPA violation, the Court has jurisdiction over this action, pursuant to 28 U.S.C. § 1331. However, although Plaintiff has asserted that the Court also has jurisdiction on grounds of diversity among the parties, the Court finds that such diversity does not exist because both Plaintiff and Defendant At Dawn are citizens of Colorado. *See* 28 U.S.C. § 1332 (diversity of citizenship exists, in pertinent part, when the lawsuit is **between** (1) citizens of **different** states, (2) citizens of a state and citizens or subjects of a foreign state, (3) citizens of different states and in which citizens or subjects of a foreign state are additional parties, and (4) a foreign state as plaintiff and citizens of a state or of different states).

Defendant At Dawn and Mr. Rogers, including his agents and assignees, should not be permitted to take possession of Plaintiff's residence.  (*Id.*)  Plaintiff also asks the Court to "exclude" Defendant At Dawn and Mr. Rogers from Plaintiff's residence and order that they stay "at least 100 yards from Plaintiff and her residence."  (*Id.* at 2-3).

In sum, Plaintiff asks the Court to interfere with the Arapahoe County District Court's order authorizing the sale of Plaintiff's home.  However, pursuant to the *Rooker-Feldman* doctrine,[2] federal district courts are precluded from conducting appellate type review of state court judgments, including those that authorize and confirm the sale of property.  *See Beeler Props., LLC v. Lowe Enters. Residential Investors, LLC*, No. 07-cv-00149, 2007 WL 1346591, at *2 (D. Colo. May 7, 2007) (explaining that the doctrine "applies in cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings and commenced and inviting district court review and rejection of those judgments") (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)); *see also Mann v. Boatright*, 477 F.3d 1140, 1146 (10th Cir. 2007) (stating same principle).

In the instant case, pursuant to Plaintiff's allegations in the Complaint, the Arapahoe County District Court appears to have fully-adjudicated the parties' rights in connection with Plaintiff's home.  As such, this Court is precluded from reviewing or interfering with the further sale or possession of Plaintiff's home or with the Arapahoe

---

[2]  The doctrine is named for the decisions in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

County District Court's foreclosure-related decisions. Such interference would require this Court to substitute its judgment for those of the state court on the issue of property rights, which issue Plaintiff readily acknowledges is the "main question of the case at hand" and which involves important state interests and looks to state law for their resolution. To the extent that Plaintiff alleges that the foreclosure proceedings were rife with procedural mishaps and insufficient documentation, the more appropriate remedy is to pursue an independent action in state court that challenges the Arapahoe County District Court's order authorizing foreclosure and the sale of the property. *See Beeler Props. LLC*, 2007 WL 1346591, at *3.

Accordingly, IT IS ORDERED THAT Plaintiff's Information and Emergency Request for Temporary Restraining Order (Doc. # 10) is DENIED.

DATED: July   20  , 2011

BY THE COURT:

*[signature: Christine M. Arguello]*

_____
CHRISTINE M. ARGUELLO
United States District Judge