IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01630-CMA-KLM

NANETTE K. YOKOMIZO,

     Plaintiff,

v.

DEUTSCHE BANK SECURITIES, INC., a Delaware corporation,
OPTION ONE MORTGAGE COMPANY, d/b/a AMERICAN HOME MORTGAGE
SERVICING, INC., a Texas corporation, and
AT DAWN, LLC, a Colorado corporation,

     Defendants.

_____

## ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on Defendant At Dawn, LLC's ("Dawn") **Motion to
Dismiss** [Docket No. 12; Filed July 20, 2011] ("Dawn's Motion") and on Defendants
Deutsche Bank National Trust Company ("Deutsche Bank") and American Home Mortgage
Servicing, Inc.'s ("AHMSI") **Motion to Dismiss** [Docket No. 19; Filed August 8, 2011]
("Deutsche's Motion") (collectively, the "Motions").  On September 1, 2011, Plaintiff filed a
Response to Dawn's Motion [Docket No. 28] and a Response to Deutsche's Motion [Docket
No. 29].  Defendant Dawn did not file a Reply, but Defendants Deutsche Bank and AHMSI
filed a Reply [Docket No. 30] on September 16, 2011.  The Motions are ripe for review.
Pursuant to 28 U.S.C. § 636(b)(1) and D.C. Colo. L. Civ. R. 72.1C(3), the Motions have
been referred to this Court for recommendation [Docket No. 20].  Having reviewed the
entire case file and being sufficiently advised, the Court respectfully **RECOMMENDS** that

the Motions be **GRANTED**.

## I. Factual and Procedural Background

Plaintiff, who proceeds in this matter *pro se*, brings this lawsuit pursuant to the Fair

Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and asserts various

state law claims in relation to foreclosure proceedings on her residential property.   *See*

*Amended Complaint* [#2] at 1; *see also Order Denying Plaintiff's Information and*

*Emergency Request for Temporary Restraining Order* [#11] at 1-3 (interpreting and

summarizing Plaintiff's Amended Complaint).   In short, Plaintiff primarily asserts that

Defendants Deutsche Bank and AHMSI violated Sections 1692e(2)(A), 1692e(5), and

1692e(10) of the FDCPA[1] and breached their duty of good faith and fair dealing throughout

a nearly two-and-a-half year period in which Plaintiff was attempting to modify her mortgage

loan.  *See id.* at 16.

Plaintiff attests that in February 2008 she lost her job due to a medical disability.[2]

*See id.* at 11.   On an unspecified date in or around May 2008, Defendants Deutsche Bank

and AHMSI initiated foreclosure proceedings on Plaintiff's property.[3]   *See id.* at 7.

---

[1] Although Plaintiff writes "15 U.S.C. §1692c" in her Amended Complaint, the Court believes this is a typographical error and that Plaintiff is referring to the above-referenced sections, as 15 U.S.C. §§ 1692c(2)(A), (5), and (10) do not exist and the remainder of the Amended Complaint references language from the above-referenced sections.  *See Amended Complaint* [#2] at 1, 11, 17; *see also Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (stating that the filings of a *pro se* litigant must be construed liberally).

[2] For the purposes of resolving the Motions, the Court takes as true all well-pled, as opposed to conclusory, allegations made in Plaintiff's Amended Complaint [#2].  *See Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[3] Plaintiff disputes whether these Defendants had the right to initiate foreclosure proceedings.

Apparently soon thereafter, but no later than June 2008, Plaintiff filed for protection pursuant to Chapter 13 of the Bankruptcy Code. *See id.* at 5, 11. In June 2008, Defendant Deutsche Bank entered an appearance in Plaintiff's bankruptcy case and was granted relief from the automatic stay imposed at the commencement of the matter. *See id.* at 5; *see also id.* at 23 (Ex. 1, Entry of Appearance). Plaintiff avers that, at that time, there were no assignments of her loan in place in favor of any Defendant. *See id.* at 5.

In December 2008, Plaintiff began attempting to modify her home mortgage payments, working with a counselor from the City of Aurora's Home Ownership Assistance Program to complete and submit the appropriate paperwork to Defendant AHMSI. *See id.* at 11. However, Plaintiff and her counselor were told that, because Plaintiff had a bankruptcy attorney, AHMSI needed to receive an authorization form from her attorney before it could discuss Plaintiff's requested mortgage modification with her. *See id.* Plaintiff claims that her attorney and her counselor faxed the authorization form to AHMSI a minimum of four times, but that whenever Plaintiff or her counselor contacted AHMSI about the mortgage modification, she was told that the form had not been received. *See id.* at 11-12. Plaintiff did, however, continue to receive loan modification packets from AHMSI on a monthly basis. *See id.* at 12.

Due to the lack of progress made when working with her counselor, Plaintiff decided to attempt to work on the modification by herself. *See id.* On an unspecified date, she sent AHMSI an offer of a loan modification to cure her default, basing her offer on the loan balance amount she says AHMSI was willing to accept when she was still employed. *See id.* However, she asserts that AHMSI did not respond to her offer. *See id.*

On May 13, 2009, Mortgage Electronic Registration Systems, Inc. ("MERS")

assigned the deed of trust to Plaintiff's property to Defendant Deutsche Bank.  *See id.* at 26 (Ex. 2, Assignment of Deed of Trust).  In late 2009, Defendants Deutsche Bank and AHMSI again initiated the foreclosure process on Plaintiff's property and set an auction date of December 7, 2009.  *See id.* at 12.  Plaintiff objected to the foreclosure in state court, and a judge in the Arapahoe County District Court delayed the auction and ordered Defendants Deutsche Bank and AHMSI to provide copies of the underlying paperwork to Plaintiff, including assignments.  *See id.* at 12-13.  Plaintiff claims, however, that the documentation provided to her did not include any assignments.  *See id.* at 13.

On January 7, 2010, Plaintiff received a telephone call from Defendants' attorneys.[4] She was told that an attorney was reviewing her file because Plaintiff likely qualified for a mortgage modification pursuant to the federal Home Affordable Modification ("HAM") Program.  *See id.*  On January 20, 2010, Plaintiff received correspondence confirming that her file was under review by AHMSI to determine whether her loan qualified for modification under the HAM Program.  *See id.*  However, the foreclosure process continued to move forward.  *See id.*  On October 18, 2010, the judge in the Arapahoe County District Court dismissed the foreclosure action upon a motion to do so by Defendants' attorneys.  *See id.* at 14.

In January 2011, Defendants, with new attorneys, initiated foreclosure proceedings against Plaintiff for a third time, although Plaintiff was still negotiating with Defendant AHMSI with respect to a loan modification under the HAM Program.  *See id.*  Auction of the property was set for May 4, 2011, and later rescheduled to June 8, 2011.  *See id.* at 14-15.

---

[4] Plaintiff does not specify which Defendants, although based on the context she appears to mean Defendant AHMSI and perhaps Defendant Deutsche Bank.

To accelerate her negotiations with Defendants prior to the auction date, Plaintiff hired Travis Hightower ("Hightower"), a negotiator from Keller Williams Realty, to help in timely submitting all of the appropriate paperwork. *See id.* at 15.  Plaintiff asserts that Defendant AHMSI repeatedly requested documentation that had already been submitted to it multiple times, but that, in spite of this, with each new request Plaintiff resubmitted the paperwork to AHMSI within twenty-four hours. *See id.*  On June 6, 2011, Plaintiff was told that her documents had not yet been sent to AHMSI's negotiator for review, but she alleges that she was led to believe that the foreclosure sale would likely be postponed to give AHMSI time to send the loan modification documents to its negotiator. *See id.*

On June 8, 2011, the date of the auction, Plaintiff contends that AHMSI's representative was still requesting paperwork that Plaintiff had already provided and told Plaintiff that once the paperwork was received the modification package could go to the negotiator. *See id.* at 15-16.  At 10:30 p.m. that night, Hightower sent Plaintiff an e-mail telling her that her property had been sold at the foreclosure sale to Defendant Dawn. *See id.* at 16.  Plaintiff claims that she never received proper legal notice of this sale. *See id.* As a result of Defendants' collective actions, Plaintiff requests injunctive relief[5] and compensatory and punitive damages. *See id.* at 19-21.

Defendants Deutsche Bank and AHMSI assert that they are entitled to dismissal of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Deutsche's Motion* [#19] at 2.  They argue that Plaintiff has failed to allege facts stating a plausible

---

[5] On July 20, 2011, the District Judge denied Plaintiff's request for a temporary restraining order. *See Order Denying Plaintiff's Information and Emergency Request for Temporary Restraining Order* [#11].

claim pursuant to Federal Rule of Civil Procedure 8(a); that she has failed to state a claim for breach of the duty of good faith and fair dealing; that she has no legally recognized right to a loan modification; that her demand for injunctive relief fails as a matter of law; that the completed foreclosure bars Plaintiff's equitable claim; that her claims under the FDCPA fail as a matter of law; and that her Response to Deutsche's Motion abandoned her claim for breach of the covenant of good faith and fair dealing and her demand for injunctive relief. *See generally id.* at 6-14; *see also Deutsche's Reply* [#30] at 2-7.

Defendant Dawn, against which Plaintiff has only requested injunctive relief, also argues that it is entitled to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), because "the allegations alleged by the Plaintiff against Dawn are insufficient to challenge title to the property under Colorado state law" and, further, because "Plaintiff's claims as to Dawn are not allowed under the doctrine of res judicata as the State District Court reviewed and approved the foreclosure sale." *Dawn's Motion* [#12] at 1.  In her Response to Dawn's Motion, Plaintiff merely states that she "intends to amend her [Amended Complaint] regarding claims against all Defendants in this matter.  As such, dismissal of Plaintiff's [Amended Complaint] against Defendant, At Dawn, LLC would be premature."[6] *See Response to Dawn's Motion* [#28] at 1.  Defendant Dawn did not file a Reply.

## II.  Standard of Review

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir.

---

[6] Plaintiff's Response to Dawn's Motion [#28] was filed on September 1, 2011.  She has not subsequently requested permission to amend her Amended Complaint [#2].

-6-

1994); Fed R. Civ. P. 12(b)(6) (A complaint may be dismissed for "failure to state a claim upon which relief can be granted."). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). To withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v. City of Grove, Okla*., 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 570)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation marks omitted).

The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a factual allegation has been stated, "but it has not shown that the pleader is entitled to relief," as required by Federal Rule of Civil

Procedure 8(a).  *Iqbal*, 129 S. Ct. at 1950 (quotation marks and citation omitted).

When considering Plaintiff's Amended Complaint [#2] and Responses [#28, #29], the Court is mindful that it must construe the filings of a *pro se* litigant liberally.  *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (citing to *Twombly*); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be a *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [a *pro se* litigant's] complaint or construct a legal theory on [her] behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).  In addition, *pro se* litigants must follow the same procedural rules that govern other litigants.  *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### III.  Analysis

Plaintiff asserts that Defendants Deutsche Bank and AHMSI violated three subsections of Section 1692e of the FDCPA.[7]  *See Amended Complaint* [#2] at 16-18. Section 1692e(2)(A) prohibits the false representation of "the character, amount, or legal status of any debt."  Section 1692e(5) prohibits the "threat to take any action that cannot legally be taken or that is not intended to be taken."  Section 1692e(10) prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt or

---

[7] Defendants Deutsche Bank and AHMSI argue, in part, that Plaintiff's Response [#29] "appears to assert new claims" pursuant to the FDCPA and that "[w]hile the amended complaint states it is 'an action for violation of the [FDCPA],' neither of the two claims for relief assert such FDCPA claims" and "no factual allegations are made with respect to any purported FDCPA claim." *Deutsche's Reply* [#30] at 1, 4.  This argument is without merit, not only because Plaintiff mentions alleged violations of the FDCPA multiple times in her Amended Complaint, *see Amended Complaint* [#2] at 1, 11, 16-17, 19-20, but also because the District Judge has already determined that, "Although the first claim of relief is styled as an action under state common law, the substance of the claim concerns a purported violation of the [FDCPA]." *Order Denying Plaintiff's Information and Emergency Request for Temporary Restraining Order* [#11] at 2-3.  The Court thus proceeds to the merits of Plaintiff's FDCPA claims.

to obtain information concerning a consumer."

Defendants Deutsche Bank and AHMSI argue that Plaintiff's FDCPA claims fail as a matter of law because "there are no allegations that debt collection was attempted outside the context of the foreclosure." *Deutsche's Reply* [#30] at 4 n.2.  Courts that have addressed the issue have not all agreed "on whether and when foreclosure activities are covered" by the FDCPA.  *Rousseau v. Bank of New York*, No. 08-cv-00205-PAB-BNB, 2009 WL 3162153, at *7 (D. Colo. Sept. 29, 2009).  "The basic dispute is whether mortgage foreclosures constitute mere enforcement of a security interest by the lender, in which case they would appear to fall outside the scope of the [FDCPA], or whether foreclosures are an attempt to collect the underlying monetary debt, in which case they would fall within the scope of the [FDCPA]."  *Id.*  The vast majority of courts to address the issue, however, have determined that such actions fall outside the scope of the FDCPA.  *See, e.g.*, *Mayhew v. Cherry Creek Mortg. Co., Inc.*, No. 09-cv-00219-PAB-CBS, 2010 WL 935674, at *12 (D. Colo. Mar. 10, 2010) (collecting cases); *Kee v. R-G Crown Bank*, 656 F. Supp. 2d 1348, 1354 (D. Utah 2009) (collecting cases).  The Court finds no extenuating circumstances in the present case to warrant deviation from the majority view on this issue in the absence of Tenth Circuit guidance to the contrary.[8]

---

[8]  The Court recognizes that the FDCPA does "expand its reach to enforcers of security interests in one specific instance."  *See Rousseau*, 2009 WL 3162153, at *8.  Pursuant to 15 U.S.C. § 1692f(6)(A), it is a violation of the FDCPA to take or threaten to take "any nonjudicial action to effect dispossession or disablement of property if there is no present right to possession of the property claimed as collateral through an enforceable security interest."  However, this exception does not apply to this case for two reasons.  First, Plaintiff has not explicitly claimed violation of this provision by any Defendant.  *See generally Amended Complaint* [#2].  Second, even if she had done so, the Arapahoe County District Court has already determined that Defendant Deutsche Bank had the right to possess and sell the property, and the Court may not disturb this finding, as discussed more fully below.  *See also Order Authorizing Sale* [#19-1] at 2-3 (Ex. A to Deutsche's Motion) (finding by state court that Deutsche Bank was authorized to sell Plaintiff's property).

The Court therefore finds that Plaintiff's claims pursuant to Section 1692e of the FDCPA fail as a matter of law.  Accordingly, the Court recommends that Defendants Deutsche and AHMSI's motion to dismiss Plaintiff's FDCPA claims be granted.

Plaintiff's remaining claims fall under Colorado state law.  *See Amended Complaint* [#2] at 16-19.  In connection with these claims, the Court notes that the District Judge has already expressed disinclination to adjudicate Plaintiff's rights pursuant to state law.  The District Judge held:

> In sum, Plaintiff asks the Court to interfere with the Arapahoe County District Court's order authorizing the sale of Plaintiff's home.  However, pursuant to the *Rooker-Feldman* doctrine, federal district courts are precluded from conducting appellate type review of state court judgments, including those that authorize and confirm the sale of property.  In the instant case, pursuant to Plaintiff's allegations in the [Amended] Complaint, the Arapahoe County District Court appears to have fully-adjudicated the parties' rights in connection with Plaintiff's home.  As such, this Court is precluded from reviewing or interfering with the further sale or possession of Plaintiff's home or with the Arapahoe County District Court's foreclosure-related decisions.  Such interference would require this Court to substitute its judgment for those of the state court on the issue of property rights, which issue Plaintiff readily acknowledges is the "main question of the case at hand" and which involves important state interests and looks to state law for their resolution.  To the extent that Plaintiff alleges that the foreclosure proceedings were rife with procedural mishaps and insufficient documentation, the more appropriate remedy is to pursue an independent action in state court that challenges the Arapahoe County District Court's order authorizing foreclosure and the sale of the property.

*See Order Denying Plaintiff's Information and Emergency Request for Temporary Restraining Order* [#11] at 4-5 (internal footnote and citations omitted).

Further, pursuant to 28 U.S.C. § 1367(c)(3), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction."  *See also Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1236 (10th Cir. 1998) (stating that once "the bases for federal subject

matter jurisdiction have been extinguished . . . , the district court may decline to exercise continuing pendant or supplemental jurisdiction over plaintiff's state claims").  Here, the District Judge has already determined that the Court only has jurisdiction pursuant to 28 U.S.C. § 1331 and that, contrary to Plaintiff's assertion, it does not have diversity jurisdiction pursuant to 28 U.S.C. § 1332.  *See Order Denying Plaintiff's Information and Emergency Request for Temporary Restraining Order* [#11] at 3 n.1.  Thus, having recommended dismissal of Plaintiff's federal claims, the Court further recommends that the District Judge decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

## IV.  Recommendation for Dismissal

Accordingly, the Court respectfully **RECOMMENDS** finding that Defendants' Motions [#12, #19] be **GRANTED**.

IT IS FURTHER **RECOMMENDED** that the federal claims in Plaintiff's Amended Complaint [#2] be **DISMISSED with prejudice** and that the state law claims in Plaintiff's Amended Complaint [#2] be **DISMISSED without prejudice** so that she may pursue those claims in state court if she so desires.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v.*

*Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).   A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.   *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

IT IS FURTHER **ORDERED** that the Scheduling Conference set for October 31, 2011 at 10:00 a.m. is **VACATED**.  It will be reset, if necessary, after final resolution of these Motions.

Dated:  October 21, 2011